# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| JAMIE ALISSA PETERSON,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | No. C 13-4084-MWB<br>(No. CR 09-4060-MWB)<br><br>**MEMORANDUM OPINION AND ORDER REGARDING RESPONDENT'S MOTION TO DISMISS PETITIONER'S § 2255 MOTION AS UNTIMELY** |

_____

On August 28, 2013, petitioner Jamie Peterson filed her *pro se* "Motion For Relief Pursuant To Title 28 U.S.C. § 2255(f)(3) [and] (f)(4)" (§ 2255 Motion) (docket no. 1). Notwithstanding her citation, in the caption of her Motion, to § 2255(f), the statute of limitations for § 2255 motions, Peterson's Motion does, in fact, seek relief pursuant to 28 U.S.C. § 2255(a) from her sentence for two drug offenses. Her citation to § 2255(f) in the caption of her § 2255 Motion and her arguments in her § 2255 Motion simply make clear that she recognizes that her § 2255 Motion was filed more than one year after the judgment in her criminal case became final, so that it is untimely under § 2255(f)(1), but that she contends that her § 2255 Motion is otherwise timely under other provisions of § 2255(f).

In her *pro se* § 2255 Motion, Peterson seeks relief from her 120-month mandatory minimum sentence, imposed on March 8, 2011, *see* Minutes (Crim. docket no. 196); Judgment (Crim. docket no. 197) (entered March 11, 2011), on her convictions of one count of conspiracy to manufacture and distribute 50 grams or more of actual (pure) methamphetamine in violation of 21 U.S.C. §§ 841 and 846, and one count of

manufacturing or distributing methamphetamine on premises in which a minor was present or resided, in violation of 21 U.S.C. § 860(a). Peterson did not appeal her conviction (pursuant to a guilty plea) or her sentence. In her § 2255 Motion, however, she contends that the 120-month mandatory minimum sentence was an "enhancement" of her sentence above her Sentencing Guidelines range, but that such an "enhancement" was not presented to a jury, nor proven beyond a reasonable doubt, as required by the Supreme Court in its 2013 decision in *Alleyne v. United States*, ___ U.S. ___, 133 S. Ct. 2151 (2013).

By Order (Civ. docket no. 2), filed November 4, 2013, I directed the respondent to file an answer or response to Peterson's § 2255 Motion on or before January 6, 2014. On November 6, 2013, the respondent filed the Motion To Dismiss (Civ. docket no. 3) now before me, asserting that Peterson's § 2255 Motion is untimely, because it was filed more than one year—indeed, almost two and one half years—after Peterson's conviction became final on March 25, 2011, when no appeal was taken. The respondent also argues that Peterson has not alleged any circumstances that would justify "equitable tolling" of her deadline to file her § 2255 Motion. The respondent also argues that *Alleyne*, on which Peterson bases both the timeliness of her § 2255 Motion and her claim for § 2255 relief, is not applicable to this case because it is not retroactive and does not apply to a guilty plea establishing the drug quantity that determined Peterson's mandatory minimum sentence.

By Order (Civ. docket no. 4), filed November 6, 2013, I directed the Clerk of Court to appoint counsel to represent Peterson in this matter; directed Peterson to file, with the aid of counsel, a response to the respondent's Motion To Dismiss on or before December 9, 2013; and directed the respondent to file any reply on or before December 23, 2013. After an extension of time, Peterson's counsel filed a Response Of Counsel To The Government's Motion To Dismiss (Civ. docket no. 7) on December 23, 2013.

In his response, counsel stated that, after a review of Peterson's § 2255 Motion and other materials, he had concluded Peterson's stipulation in her plea agreement to the drug quantity that determined her mandatory minimum sentence made *Alleyne* inapplicable; that Peterson is not entitled to relief on her § 2255 Motion; and that counsel could not file a resistance to the respondent's Motion To Dismiss in good faith. Although counsel requested that Peterson be given the opportunity to file a *pro se* supplemental response, Peterson did not file any supplemental response or request leave to do so.

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a pre-answer motion to dismiss for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).[1] Although factual "plausibility" is ordinarily the central focus of Rule 12(b)(6) motions to dismiss under the *Twom-bal* standard,[2] various federal Circuit Courts of Appeals have expressly recognized, and the Eighth Circuit Court of Appeals has suggested, that the *Twom-bal* standard still permits dismissal pursuant to Rule 12(b)(6) of a claim that lacks a cognizable legal theory, in addition to permitting dismissal

---

[1] In *Moore v. United States*, 173 F.3d 1131 (8th Cir. 1999), the Eighth Circuit Court of Appeals held that the references to a "period of limitation" and a "limitation period" in 28 U.S.C. § 2255(f) "does not purport to limit the jurisdiction of the courts," and, as such, is subject to "equitable tolling." 173 F.3d at 1134. More importantly, here, because the "statute of limitations" in § 2255(f) is not "jurisdictional," a motion to dismiss based on untimeliness is a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, rather than a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

[2] The "*Twom-bal* standard" is my nickname for the "plausibility" pleading standard established in the United States Supreme Court's twin decisions on pleading requirements, and standards for dismissal for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for claims in federal court. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

for factual implausibility. *See, e.g., Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013); *Ball v. Famiglio*, 726 F.3d 448, 469 (3d Cir. 2013) (a claim may be dismissed if it is based on an "indisputably meritless legal theory"); *Commonwealth Property Advocates, L.L.C. v. Mortgage Electronic Registration Sys., Inc.*, 680 F.3d 1194, 1202 (10th Cir. 2011) ("Dismissal is appropriate if the law simply affords no relief."); *see also Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013) (recognizing that a claim must plead sufficient facts under a "viable legal theory"); *cf. Brown v. Mortgage Electronic Registration Sys., Inc.*, 738 F.3d 926, 933 n.7, 934 (8th Cir. 2013) (noting the appellate court's agreement "with the district court's sound reasoning that the facts pled do not state a cognizable claim under Arkansas law" and holding that dismissal pursuant to Rule 12(b)(6) was appropriate, because Arkansas law did not impose the purported duty on which an unjust enrichment claim and a state statutory claim were based). It is precisely the lack of a cognizable legal theory for Peterson's § 2255 Motion, as to timeliness or the merits of her claim, that is the proper basis for the respondent's Motion To Dismiss in this case.

On the respondent's Motion To Dismiss pursuant to Rule 12(b)(6) in this case, I may consider the docket and documents filed in the underlying criminal case, from which Peterson seeks § 2255 relief, because they are "'incorporated by reference or integral to [his] claim,'" *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012) (quoting 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004)), and because they are "'necessarily embraced by the pleadings.'" *Whitney*, 700 F.3d at 1128 (quoting *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003)).

As amended by the AEDPA, 28 U.S.C. § 2255(f) provides as follows:

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

4

> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Thus, the AEDPA "imposed, among other things, a one-year statute of limitations on motions by prisoners under section 2255 seeking to modify, vacate, or correct their federal sentences." *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013) (citing *Johnson v. United States*, 544 U.S. 295, 299 (2005)).

I reject Peterson's argument that her § 2255 Motion is timely under either § 2255(f)(3) or § 2255(f)(4), based on her assertion that *Alleyne* started the running of the one-year statute of limitations for her claim. "'To be entitled to invoke the statute of limitations contained in section 2255(f)(4), [the Eighth Circuit Court of Appeals] ha[s] said that a petitioner must show the existence of a new fact, while also demonstrating that [s]he acted with diligence to discover the new fact.'" *Deroo v. United States*, 709 F.3d 1243, 1245 (8th Cir. 2013) (quoting *Anjulo–Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008)). That new fact must relate to the proof of the charged offense or proof of an enhancing element of a sentence for that offense. *See id.* (considering whether the defendant had been reasonably diligent in discovering that one of his prior disciplinary

5

actions, which the court had considered in determining his sentence, had been expunged). The *Alleyne* decision, however, is not a new *fact* relevant to proof of the charges against Peterson or proof of an enhancing element for her sentence for any offense. Indeed, the Eighth Circuit Court of Appeals has expressly agreed "that subsequent interpretations of the law 'can be the basis of delay in filing a § 2255 motion only in accordance with § 2255(f)(3).'" *Sun Bear v. United States*, 644 F.3d 700, 702 n.5 (8th Cir. 2011) (en banc) (quoting the district court below).

As to § 2255(f)(3), the Eighth Circuit Court of Appeals has explained that the statute of limitations begins to run from the date of a new legal decision, only if that new legal decision recognizes "a right . . . made retroactively applicable to cases on collateral review." *Sun Bear*, 644 F.3d at 703; 28 U.S.C. § 2255(f)(3). The federal Circuit Courts of Appeals to consider the question agree that *Alleyne* enunciates a "new rule" that any fact that increases a mandatory minimum sentence must either be admitted by the defendant or found by the jury. *See In re Payne*, 733 F.3d 1027, 1029 (10th Cir. 2013); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013); *see also United States v. Parada*, ___ F.App'x ___, 2014 WL 486221, *3 (10th Cir. Feb. 7, 2014). "[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final." *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987). In contrast, new procedural rules generally are not applied to criminal cases on collateral review. *See Schriro v. Summerlin*, 542 U.S. 348, 352 (2004); *Teague v. Lane*, 489 U.S. 288, 303 (1989). Retroactive effect is given "to only a small set of 'watershed rules of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." *Schriro*, 542 U.S. at 352 (quoting *Saffle v. Parks*, 494 U.S. 484, 494 (1990)). To date, no federal court to consider the question has held that *Alleyne* applies retroactively to cases on collateral review. *See In re Payne*, 733 F.3d at 1029; *Simpson*, 721 F.3d at 876; *see also Parada*, ___ F.App'x ___, 2014 WL

6

486221 at *3; *Chester v. Warden*, ___ F.App'x ___, 2014 WL 104150, *4 (11th Cir. Jan. 13, 2014); *Williams v. United States*, No. 4:09cr00039, 2014 WL 526692, *4 (W.D. Va. Feb. 7, 2014); *Whitaker v. Hastings*, No. CV213-097, 2013 WL 6817089, *3 (S.D. Ga. Dec. 20, 2013); *Schoultz v. United States*, No. 8:07-cr-01472-GRA-1, 2013 WL 6512657, *3–4 (D.S.C. Dec. 12, 2013); *Harvell v. United States*, No. 3:13-cv-00614-MOC, 2013 WL 6050970, *3 (W.D.N.C. Nov. 15, 2013); *Mingo v. United States*, No. 1:13-CV-787, 2013 WL 4499249, *2 (W.D. Mich. Aug. 19, 2013); *United States v. Potter*, No. 7: 03-21-DCR, 2013 WL 3967960, *3 (E.D. Ky. July 31, 2013). As the Seventh Circuit Court of Appeals explained:

> *Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). The Justices have decided that other rules based on *Apprendi* do not apply retroactively on collateral review. *See Schriro v. Summerlin*, 542 U.S. 348, 124 S. Ct. 2519, 159 L. Ed. 2d 442 (2004). This implies that the Court will not declare *Alleyne* to be retroactive . . . . Unless the Justices themselves decide that *Alleyne* applies retroactively on collateral review, we cannot authorize a successive collateral attack based on § 2255(h)(2).

*Simpson*, 721 F.3d at 876. I agree that, because *Alleyne* is based on *Apprendi*, and because the Supreme Court has declined to make other derivative rules based on *Apprendi* retroactive, the Court is unlikely to do so with the rule announced in *Alleyne*. Thus, I conclude that the new rule announced in *Alleyne* is not retroactively applicable here and did not start the running of the statute of limitations for Peterson's § 2255 Motion pursuant to § 2255(f)(3).

These conclusions leave only "equitable tolling" to save Peterson's § 2255 Motion from untimeliness. The Eighth Circuit Court of Appeals recently summarized the requirements for "equitable tolling" of the "limitations period" in § 2255(f) for a § 2255 motion, as follows:

7

> The one-year statute of limitation may be equitably tolled "only if [the movant] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)) (applicable to section 2254 petitions); *see also United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir.2005) (applying same rule to section 2255 motions). We review this claim de novo. *See Martin*, 408 F.3d at 1093.

*Muhammad*, 735 F.3d at 815. As the respondent points out, however, Peterson does not dispute that her § 2255 Motion is untimely under § 2255(f), if neither § 2255(f)(3) nor § 2255(f)(4) is applicable. Neither does Peterson assert that the statute of limitations should be "equitably tolled," so that her § 2255 Motion can be considered timely, because she relied exclusively on statutory triggers for the running of the statute of limitations. I find no basis for "equitable tolling" in this case, and Peterson's § 2255 Motion must be dismissed as untimely.

Just as importantly, I reject Peterson's argument that *Alleyne* provides support for her § 2255 Motion in any way. As the Eighth Circuit Court of Appeals has explained, "In *Alleyne*, the Supreme Court held the Sixth Amendment of the U.S. Constitution requires a jury to find beyond a reasonable doubt any fact that increases a mandatory minimum sentence." *United States v. Davis*, 738 F.3d 783, 784 (8th Cir. 2013) (citing *Alleyne*, 570 U.S. at ___, 133 S.Ct. at 2162–63). The defendant in *Alleyne* had been convicted by a jury. Every federal Circuit Court of Appeals to consider the question has read *Alleyne* to be consistent with *United States v. Booker*, 543 U.S. 220, 244 (2005), and *Apprendi v. New Jersey*, 530 U.S. 466, 477 (2000), so that, *in the context of a guilty plea*, an element enhancing the mandatory minimum sentence must be admitted by the defendant, either through a guilty plea or otherwise. *See, e.g., United States v. Heard*,

___ F.App'x ___, 2014 WL 1282724, *2-*3 (11th Cir. April 1, 2014); *United States v. Valdez*, 739 F.3d 1052, 1054 (7th Cir. 2014) (rejecting an invitation to read *Alleyne* as overruling *Booker*, and concluding that a mandatory minimum sentence could be supported by the drug quantity admitted by the defendant in a guilty plea); ; *United States v. Vigneri*, ___ F.App'x ___, 2014 WL 186356, *1 (7th Cir. Jan. 17, 2014) (notwithstanding *Alleyne*, a defendant waives jury determination by pleading guilty and confessing to the drug quantity involved in an offense triggering a mandatory minimum sentence); *United States v. Munoz-Rodriguez*, ___ F.App'x ___, 2014 WL 67873, *2 n.1 (10th Cir. Jan. 9, 2014) (because *Alleyne* is an extension of *Apprendi*, a defendant can waive rights to jury determination by admitting or pleading guilty to conduct increasing a mandatory minimum sentence); *United States v. Johnson*, 732 F.3d 577, 584 (6th Cir. 2013) (*Alleyne* is an extension of *Apprendi*, so that it leaves undisturbed decisions holding that facts established by a guilty plea or admission can enhance a mandatory minimum sentence).

Peterson pleaded guilty to the charged offenses, including an admission in her plea agreement to the quantity of actual (pure) methamphetamine that established her ten-year mandatory minimum sentence. As a matter of law, the decision in *Alleyne* does not make imposition of the mandatory minimum sentence in Peterson's case, on her guilty plea to the offenses charged, somehow unconstitutional. Thus, Peterson's § 2255 Motion should be dismissed for lack of any cognizable legal theory to support her claim for relief. *See Somers*, 729 F.3d at 959; *Ball*, 726 F.3d at 469; *Commonwealth Property Advocates, L.L.C.*, 680 F.3d at 1202; *see also Philadelphia Indem. Ins. Co.*, 732 F.3d at 649; *cf. Brown*, 738 F.3d at 933 n.7, 934. Indeed, for this reason, it would have been appropriate for me to dismiss Peterson's § 2255 Motion on initial review, because it "plainly appears from the motion, any attached exhibits, and the record of prior proceedings that [Peterson] is not entitled to relief" on her claim that her sentence was improperly

"enhanced" up to the "mandatory minimum." *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings.

Finally, I conclude that Peterson has failed to make a substantial showing that the untimeliness or lack of legal merit of her § 2255 claim is debatable among reasonable jurists, that a court could resolve these issues differently, or that these questions deserve further proceedings. Consequently, a certificate of appealability is also denied. *See* 28 U.S.C. § 2253(c)(1)(B); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36; *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998).

THEREFORE,

1. The respondent's November 6, 2013, Motion To Dismiss (Civ. docket no. 3) is **granted**;

2. This action is **dismissed with prejudice** as untimely under 28 U.S.C. § 2255(f) and as plainly without merit;

3. Judgment shall issue accordingly; and

4. No certificate of appealability will issue.

**IT IS SO ORDERED**.

**DATED** this 14th day of May, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA